# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUEZADA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 10-4495-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On June 24, 2010, Carlos Quezada ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on December 21, 2010. On February 25, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50 year old male who was determined to have the medically determinable severe impairments of gout, osteoarthritis, chronic alcohol abuse, and depressive disorder. (AR 9.) Plaintiff alleged disability beginning May 1, 2004. (AR 7.)

Plaintiff's claim was denied initially on January 23, 2007, and on reconsideration on June 22, 1007. (AR 7.) He filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on August 27, 2008, in San Bernardino, California. (AR 7-12.) Claimant appeared and testified. (AR 7.) Medical expert Samuel Landau and vocational expert ("VE") Troy L. Scott also testified. (AR 7.) Claimant was represented by Attorney Bill LaTour. (AR 7.)

The ALJ issued an unfavorable decision on October 7, 2008. (AR 7-12.) On October 10, 2008, Plaintiff filed a timely request for review. (AR 4.) The Appeals Council denied review on April 23, 2010. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ's determination that Plaintiff is capable of performing past work as a warehouse worker is proper and consistent with the residual functional capacity.

2. Whether the ALJ properly considered the actual mental and physical demands of Plaintiff's past work as a warehouse worker.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson

v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the

impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff has not engaged in substantial gainful activity since May 1, 2004, the alleged onset date. (AR 9.)

At step two, the ALJ determined that Plaintiff has the following severe combination of impairments: gout, osteoarthritis, chronic alcohol abuse, and depressive disorder. (AR 9.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 10.)

The ALJ found that Plaintiff has the RFC to perform medium work "except no hazards such as work at unprotected heights and operating moving machinery." (AR 11.)

At step four, the ALJ found that the Claimant is capable of performing his past relevant work as a warehouse worker as it is generally performed. (AR 12.)

Consequently, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 12.)

## DISCUSSION

The Commissioner's decision must be affirmed because a claimant able to perform medium level work with minimal restrictions obviously can perform many jobs in the national economy. Plaintiff does not challenge the ALJ's medium work RFC. Plaintiff's contentions focus on minor deficiencies that are inconsequential to the ultimate disability determination.

### A. The ALJ Did Not Err In Concluding That Plaintiff Can Perform His Past Relevant Work

Plaintiff's first argument is that the ALJ's determination that Plaintiff can perform the job of warehouse worker as generally performed conflicts with the ALJ's RFC. The RFC precludes "operating moving machinery." (AR 11.) The warehouse worker description in the Dictionary of Occupational Titles ("DICOT") requires Plaintiff to convey materials from receiving or production areas to other designated areas "by hand, handtruck or electric handtruck." (DICOT 922.687-058, 1991 WL 688132) (emphasis added). Plaintiff asserts that conveying materials by electric handtruck is "operating moving machinery." The Commissioner does not dispute directly that an electric handtruck is moving machinery.

The VE in his testimony did not address this apparent inconsistency nor did the ALJ in his decision. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and DICOT, and if so to obtain a reasonable explanation for the conflict. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). Here, the

ALJ asked if there was a conflict but the VE did not indicate any inconsistency with DICOT. (AR 27-30.)

More telling is the Commissioner's argument that the DICOT job description allows for alternatives to conveyance by electric handtruck: "by hand, handtruck or electric handtruck." DICOT 922.687-058 (emphasis added). The DICOT job description does not require Plaintiff to use an electric handtruck. He can perform the job by moving materials by hand or by non-motorized handtruck. Thus, the mere inclusion of an electric handtruck as one possible conveyance method would not preclude Plaintiff from performing the warehouse worker job as generally performed. There is no evidence or reason to believe the electric handtruck alternative would erode the job base significantly or preclude Plaintiff from performing the warehouse worker job as generally performed. Thus, any error by the ALJ in not addressing this issue directly was harmless because it was "inconsequential to the ultimate non-disability determination." Stout v. Comm'r. Soc. Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006).[2]

The ALJ suggests that warehouse workers do not operate in proximity to "moving mechanical parts," citing the DICOT job description. This is a disingenuous argument. The RFC limitation was to moving machinery, not moving mechanical parts. The ALJ and VE at the hearing clearly referred to moving machinery (AR 30) and the medical expert testified that Plaintiff should not operate "motorized equipment" due to his alcohol problem. (AR 23.) An electric handcart is plainly motorized equipment or moving machinery.

Indeed, the Commissioner points out that any alleged error at step four of the sequential process would be harmless because the Medical Vocational Guidelines (the "grids") would have required a finding of non-disability at step five of the sequential process. 20 C.F.R. § 404, subpart P, App. 2, Table 3. A younger individual capable of performing medium work is "not disabled." Id. Environmental restrictions like inability to work around

---

[2] Plaintiff's actual past work as a warehouse worker required operation of a forklift, which would be precluded by his RFC. (AR 12.) The VE testified that warehouse workers generally do not operate forklifts. (AR 30.) Thus, the ALJ did not find that Plaintiff could perform his prior work as actually performed but did conclude that Plaintiff could perform the warehouse worker job as generally performed.

heights or moving machinery would not change this result. SSR 85-15 ("A person . . . who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exist at all exertional levels"). Plaintiff never challenges the ALJ's medium work RFC.

Plaintiff criticizes the Commissioner's citation of Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008), as authority for his harmless error assertion. In Tommasetti, the ALJ's erroneous determination at step four that Plaintiff could perform prior relevant work was considered harmless because of the ALJ's alternate step five findings that Plaintiff could perform other work in the national economy and additionally that the grids required a finding of not disabled.

Plaintiff does not dispute the Commissioner's contention that the grids would require a finding of non-disabled in this case. He argues only that the ALJ did not make any step five determinations as was the case in Tommasetti and that the Commissioner may not assume the role of the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Plaintiff's argument would have merit if he offered any facts or reasons to believe that he could perform no work at all or that the grids would not direct a finding of disability. In their absence, the Court sees no value in a pointless remand. In any event, the Court already has determined that the ALJ's step four decision that Plaintiff can perform his prior relevant work as a warehouse worker as generally performed was free of harmful error.

Plaintiff failed to carry his burden to demonstrate that he cannot perform his prior work as a warehouse worker as generally performed.

**B.    Any Error In Describing The Warehouse Worker Job Demands Was Harmless**

The above considerations also require rejection of Plaintiff's second argument. Plaintiff asserts that the ALJ made but a conclusory determination that, "In comparing the Claimant's residual functional capacity with the physical and mental demands of this work, I find that the Claimant is able to perform it as generally performed." (AR 12.) Plaintiff argues

that the ALJ was required to make a more detailed assessment about the demands of the warehouse worker position.

Plaintiff's argument, however, is once again undermined by the failure to demonstrate that any error was harmful. Plaintiff only repeats his initial argument that the warehouse worker involves operating electrical handtrucks. The Court already has rejected that contention, noting that operation of an electrical handtruck was only an alternative method of conveying materials, not a requirement.

**C.     Summary**

In the final analysis, no rational argument can be made that someone determined to be capable of medium work with minor restrictions is disabled and cannot work at all. Plaintiff never disputed the ALJ's RFC for medium work. Plaintiff's contentions focus on minor deficiencies that are inconsequential to the ultimate non-disability determination. Stout, 454 F.3d at 1055. The ALJ's disability determination here is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 8, 2011                    */s/ John E. McDermott*
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE